Lise Witt
Arizona State Bar No. 013118
LisaLaw, LLC
1350 E. McKellips Road, Suite 1
Mesa, AZ 85203
Tel: (480) 840-1775
Fax: (480) 656-0812
e-mail: lisarwitt@gmail.com

Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Felicia Elliott, a married woman,<br><br>Plaintiff,<br><br>vs.<br><br>Gurstel Law Firm, PC, a national law Firm, Gurstel Law Firm partners and Their spouses, X Company, and X Company owners 1-4 and their spouses,<br><br>Defendants. | Case No._____<br><br>COMPLAINT<br><br>(JURY TRIAL REQUESTED) |

For her Complaint, Plaintiff Felicia Elliott ("Felicia") alleges the following:

**PARTIES AND JURISDICTION**

1. Plaintiff Felicia is a resident of Arizona.

2. Defendant Gurstel Law Firm PC ("Gurstel") is a national law firm with branches in Arizona, Minnesota, Iowa, California, Nebraska, Utah, and Wisconsin

-1-

that is in the business of collecting debt. Gurstel's principal place of business is 6681 Country Club Dr., Golden Valley, MN 55427

3. Gurstel is a debt collector as defined in 15 U.S.C. § 1692a.

4. Defendants Gurstel law firm partners ("partners") manage Gurstel in its debt collection activities and are debt collectors as defined in 15 U.S.C. § 1692a. At all relevant times, married partners acted on behalf of their marital community and spouses. Defendant spouses are named herein on that basis. Felicia will amend the Complaint when the true names of the partners and their spouses are ascertained.

5. Upon information and belief, Defendant X Company is a third party that contracted with Gurstel to call their clients' debtors and obtain information from them to aid in debt collection activities. X Company is also a debt collector as defined in 15 U.S.C. § 1692a. Felicia will amend the Complaint when the true name of X Company is ascertained.

6. Upon information and belief, Defendants X Company owners 1-4 own and operate X Company. At all relevant times, X Company owners 1-4 acted on behalf of their marital community and spouses. Defendant spouses are named herein on that basis. Felicia will amend the Complaint when the true names of X Company owners 1-4 and their spouses are ascertained.

7. This action is brought pursuant to the Fair Debt Collection Practices Act ("Act"), 15 U.S.C. § 1692, *et. seq.* At all relevant times, Felicia was a

"consumer" within the meaning of the Act and Defendants were "debt collectors" within the meaning of the Act.

8. Defendants are present in Arizona and/or caused events to occur and committed actions in Maricopa County, Arizona, which are the subject of this Complaint.

9. The Court has jurisdiction to hear Plaintiff's claims pursuant to 28 U.S.C. § 1331.

**GENERAL ALLEGATIONS**

10. Felicia obtained a credit card from Capital One Bank in June 2004 when she was single.

11. Her final debt owed to Capital One Bank was $600.00 when the account was charged off in November 2009.

12. Capital One Bank obtained a judgment against Felicia in Highland Justice Court Case No. CC2011-239189 in 2013.

13. Capital One Bank filed its first Writ of Garnishment against Felicia on January 29, 2014.  This garnishment proceeding was dismissed in February 2014 because Felicia did not have an account at the garnishee bank.

14. Capital One Bank filed its second Writ of Garnishment against Felicia on June 24, 2015.  This garnishment proceeding was dismissed in August 2015 because Felicia did not have an account at the garnishee bank.

15. Defendants Gurstel and its law partners were reckless towards Felicia in their pursuit of garnishment since they never used any legal options to obtain financial information from her at any time such as requesting a debtor's examination or submitting interrogatories to her.

16. On March 2, 2018, Felicia received a phone call on her office extension.

17. The caller immediately began interrogating her with very personal questions. She asked for Felicia's Social Security number, her date of birth, and how long she had been working at her job.

18. Felicia asked and demanded to know who she was and what was the purpose of her phone call. She refused to tell her.

19. Felicia notified her husband Stephen and they called her back together.

20. They demanded to know who she was and what her purpose was in calling. She refused again to tell them.

21. After stating that they were going to inform the Attorney General's Office about the phone call, she informed them that she couldn't give them the client's name but could give them their phone number.

22. The phone number she gave them was 866-964-0232.

23. Stephen called this phone number and discovered it was Gurstel.

24. Upon information and belief, Gurstel hired X Company as a third party contractor to call Felicia and try to obtain information from her.

25. Gurstel and its law partners are legally responsible for the actions of X Company pursuant to Arizona and federal law.

26. Defendants used the information they obtained during the March 2018 phone call to Felicia in violation of the Fair Debt Collection Practices Act when they started their third garnishment proceeding against her.

27. Capital One Bank's third garnishment proceeding against Felicia and Stephen commenced on December 3, 2018, when Gurstel filed an Application for Writ of Garnishment against them in Maricopa County Superior Court Case No. TJ2013-011484.

28. The Gurstel branch located in Scottsdale, Arizona, prepared and filed the Application for Writ of Garnishment and has continued to represent Capital One Bank in the garnishment proceeding.

29. Capital One Bank is attempting to garnish Felicia's wages from the company that she worked for on March 2, 2018.

30. Felicia's underlying debt is now $2,875.48 according to Gurstel.

31. Defendants' actions, as alleged above, violate the Act. Specifically, but without limitation, Defendants deceptively failed to disclose that the March 2, 2018 phone call was from a debt collector attempting to collect a debt and that any

information obtained would be used for that purpose in violation of 15 U.S.C. § 1692e (11).

32.     Felicia is entitled to statutory damages under the Act as well as actual damages, which include but are not limited to (a) attorneys' fees and costs incurred; (b) actual damages for the mental and emotional distress, stress, aggravation and anxiety, and the physical manifestations of such mental and emotional distress; (d) damages to her reputation; and (e) other damages to which she is entitled to by law.

33.     Felicia is entitled to an award of attorneys' fees pursuant to 15 U.S.C. § 1692k.

WHEREFORE, Felicia prays for judgment against Defendants as follows:

(A) For her actual damages in an amount proven at trial, including but not limited to damages for emotional distress, aggravation, and anxiety; damages to her reputation; attorneys' fee incurred; compensatory damages; punitive damages; and all other damages as permitted by applicable law.

(B) For the maximum amount of statutory damages available under the Fair Debt Collection Practices Act.

(C) For an award of attorneys' fees and costs of this action.

(D) For all other damages available at law as discovery may reveal.

(E) Such other and further relief as the Court deems just and proper.

DATED this 17th day of January, 2019.

                                LisaLaw, LLC

                                By: <u>/s/ Lise Witt (#013118)</u>
                                    Lise Witt

                              *Attorney for Plaintiff*